UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA R. RICE,

       Plaintiff,                                  Case Number 20-10500
                                                       Honorable David M. Lawson
v.                                                 Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF
THE COMMISSIONER, AND DISMISSING COMPLAINT**

      Plaintiff Angela R. Rice, a 50-year-old woman, says that she cannot work because of a variety of physical and mental disabilities. Her application for disability insurance benefits under Title II of the Social Security Act was denied after an administrative hearing, and she filed this case seeking review of the Commissioner's decision. The case was referred to United States Magistrate Judge R. Steven Whalen under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for an award of benefits or for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Whalen filed a report on February 23, 2021, recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be

-1-

affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

Rice, who is now 50 years old, filed her application for disability insurance benefits on September 18, 2017, when she was 46. She completed a high school education and previously worked as a nursing aide. She alleges that she is disabled as a result of her degenerative disc disease of the cervical and lumbar spine, history of double mastectomy and surgical reconstruction due to family history of breast cancer, anxiety disorder, mood disorder, psychotic disorder, and obsessive-compulsive personality disorder. In her application for benefits, the plaintiff initially alleged a disability onset date of November 10, 2013, but she later moved to amend the onset date to August 30, 2017, and that motion was granted.

Rice's application for disability benefits was denied initially on January 24, 2018. She timely filed a request for an administrative hearing, and on August 31, 2018, she appeared before administrative law judge (ALJ) Crystal White-Simmons. On December 19, 2018, ALJ White-Simmons issued a written decision in which she found that Rice was not disabled. On January 3, 2020, the Appeals Council denied Rice's request for review of the ALJ's decision. On February 27, 2020, the plaintiff filed her complaint seeking judicial review of the denial of her requested benefits.

The ALJ determined that Rice was not disabled by applying the five-step sequential analysis prescribed by the Secretary of Health and Human Services in 20 C.F.R. § 404.1520. At step one of the analysis, the ALJ found that Rice had not engaged in substantial gainful activity since August 30, 2017. At step two, she found that Rice suffered from degenerative disc disease

of the cervical and lumbar spine, history of double mastectomy and surgical reconstruction due to family history of breast cancer, anxiety disorder, mood disorder, psychotic disorder, and obsessive-compulsive personality disorder — impairments that were "severe" within the meaning of the Social Security Act and regulations. The ALJ then determined that Rice's numerous other impairments — including hypertension, diabetes, history of hysterectomy and ovarian cysts, and several other asymptomatic conditions — were not severe. At step three, the ALJ determined that none of the severe impairments, alone or in combination, met or equaled a listing in the regulations.

Before proceeding further, the ALJ determined that Rice retained the functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a), with certain limitations. The ALJ determined that Rice (1) never can climb ladders, ropes, or scaffolds, (2) occasionally can climb ramps or stairs and balance, stoop, kneel, crouch, or crawl, (3) occasionally can reach overhead, (4) only frequently can handle or finger objects bilaterally, and (5) is limited to simple and routine tasks involving only occasional changes in work setting..

At step four of the analysis, the ALJ found that the plaintiff is unable to perform her past relevant work as a nursing aide, which the ALJ characterized as a skilled job with a medium to very heavy level of exertion. At step five, the ALJ found that, based on Rice's RFC, and relying on the testimony of a vocational expert, the plaintiff could perform the duties of representative sedentary occupations including inspector (over 50,000 positions in the national economy), sorter (over 50,000 positions in the national economy), and assembler (over 100,000 positions in the national economy). Based on those findings — and noting that, if the plaintiff had the capacity to perform a full range of sedentary work, then a "not disabled" finding would have been mandated

by Medical Vocational Rule 202.21 — the ALJ concluded that Rice was not disabled within the meaning of the Social Security Act.

In her motion for summary judgment, Rice raised two arguments. First, she argued that the ALJ's RFC finding was not supported by substantial evidence because the ALJ did not acknowledge all of the plaintiff's severe impairments in the RFC, referring to the failure to account for limitations caused by her obsessive-compulsive disorder (OCD). Second, she argued that the RFC finding was not supported by substantial evidence because the ALJ rejected all of the medical opinions that had been presented about her manipulative limitations — both by her treating physicians (who, the plaintiff argued, was entitled to controlling weight under the so-called "treating source rule") and by a state-appointed medical examiner — and the ALJ instead elected to derive her own medical opinion about the plaintiff's physical limitations. That opinion, says the plaintiff, was not supported by any medical or non-medical sources that were cited in the ALJ's decision. In a supplemental brief, the plaintiff acknowledged that the treating source rule no longer governed the consideration by the ALJ of medical opinions by the plaintiff's treating doctors; but she argued that the ALJ's opinion still was defective because the ALJ had elected to reject all of the available medical opinions, and the ALJ's own medical assessment was not supported by a sufficient recital of either medical or non-medical evidence in the record.

The magistrate judge rejected those arguments. He found that the ALJ drew on several sources in determining Rice's RFC and provided a thorough rationale for declining to adopt the medical opinions in their entirety and instead according partial weight to the information presented by the various medical sources. Judge Whalen found that the ALJ's determination that the

plaintiff's mental conditions did not present more significant limitations adequately was grounded in clinical observations that she was able to interact normally with medical providers and otherwise appeared to be functioning well and caring for herself properly. Judge Whalen further found that there was no error in the ALJ's assessment of a "middle ground" limitation that the plaintiff frequently could handle and manipulate objects, based on a review of the conflicting medical opinions, one of which had found no manual limitation, and the other which opined that the plaintiff only could handle or finger objects for 30 to 60 minutes per day. The magistrate judge noted that the stringent limitation expressed by the plaintiff's treating physician was contradicted by other medical records indicating that she had normal strength and range of motion in her extremities, and there was therefore no error in the ALJ's assessment of somewhat lesser manual limitations.

The plaintiff filed two objections to the magistrate judge's report and recommendation. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at

950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

First Objection

In her first objection, the plaintiff argues that the MJ erred by finding that the RFC determination adequately accounted for all of her mental conditions, because her "severe" OCD necessarily implies at least a moderate limitation in focus and concentration, but no such limitation was included in the RFC finding. The plaintiff argues that other courts have rejected hypothetical questions posed to vocational experts where the plaintiff had a similar mental impairment, but the hypothetical question only specified that the plaintiff be confined to "simple" and "routine" work, without acknowledging limitations in concentration, persistence, and pace.

The plaintiff's objection, however, is stated in equivocal terms; she argues that the limitations "may not" account for her deficits in concentration, persistence, and pace in "certain circumstances." And she relies not on any evidence in the record supporting specific limitations; instead, she cites "the medical literature." However, a diagnosis does not by itself establish functional limitations. Residual functional capacity is an "assessment of [the claimant's] remaining capacity for work," once his limitations have been considered. 20 C.F.R. § 404.1545(a)(3). It is meant "to describe the claimant's residual abilities or what the claimant can

do, not what maladies a claimant suffers from — though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). The ALJ's specific determination of RFC must be supported by substantial evidence, but the claimant bears the burden of demonstrating the need for a more restrictive RFC. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (noting that "[t]he claimant . . . retains the burden of proving her lack of residual functional capacity") (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999)).

As the magistrate judge found, the ALJ's determination that "more stringent psychological limitations [were not required] is well supported and articulated." R&R at 15, ECF No. 23, PageID.1179. The plaintiff has not presented a convincing case to dispute that finding, nor has she suggested any other limitations she would like to see as part of the RFC. Her first objection will be overruled.

Second Objection

In her second objection, the plaintiff argues that the MJ erred by finding that the manual limitation determined by the ALJ was supported by substantial evidence, because no medical source opined on how long during a workday the plaintiff could handle or finger objects, other than the plaintiff's treating doctor, who said that she was limited to 30-60 minutes of fingering or handling, and the state-appointed examiner, who found that she had no manual limitation. The plaintiff argues that the ALJ's determination of "partial credit" for the plaintiff's asserted manual limitation was not based on any medical source, and the ALJ's speculative lay assessment of a "compromise" limitation that was based on her own reading of the plaintiff's medical history is

not substantial evidence that can support an RFC determination. The plaintiff insists that the ALJ must rely on the opinion of a medical professional when making that determination.

It is true that no medical source explicitly supported the exertional finding in the RFC. But the ALJ's RFC finding need not correspond to a particular physician's opinion, *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (rejecting the argument that the ALJ is required to base her determination on a physician's opinion), and "[n]o bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached," *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019).

The plaintiff's response that without the doctors' opinions, no evidence remains that she *could* perform manipulative tasks for two-thirds of a workday again ignores the fundamental reality that the plaintiff bears the burden to prove that she is disabled and therefore entitled to benefits. *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Although she testified to limitations consistent with disability, the ALJ pointed to evidence in the record that was inconsistent with Rice's testimony, which undermined her assertions and resulted in the conclusion that she did not meet her burden. The evidence the ALJ cited was "substantial."

Considering and weighing both favorable and unfavorable medical evidence is the proper role of the ALJ, with which courts cannot interfere if her ultimate conclusion is supported by substantial evidence — a low bar, consisting of "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Biestek v. Berryhill*, --- U.S. ---, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison*, 305 U.S. 197, 229 (1938)); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Once again, the magistrate judge identified the parts of the record on which the ALJ relied to determine the limitations that were included in the RFC. R&R at 19, ECF No. 23, PageID.1183. Although there was other evidence that, if accepted, could have propelled the conclusion in another direction, it provides no help to Rice at this level because the role of the Court "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). The Court "may not try the case *de novo,* nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The plaintiff's second objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered Rice's objections to the report and recommendation and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 23) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 24) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 11) is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 15) is **GRANTED**.  The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   April 5, 2021